UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID M. VINES,

                    Plaintiff,

        v.

CITY OF BLACK DIAMOND, JAMES
KIBLINGER, RYAN KELLER, MICHAEL
HENRICH, and BRIAN LYNCH

                    Defendants.

No. 2:20-cv-01788-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendants' motion for summary
judgment, Dkt. # 18, and Defendants' motion for sanctions pursuant to FRCP 11, Dkt.
# 23.  Having reviewed the briefing, the record, and applicable law, the Court finds that
oral argument is unnecessary.  For the reasons below, Defendants' motion for summary
judgment is **GRANTED**, Dkt. # 18, and the motion for sanctions is **GRANTED IN
PART** and **DENIED IN PART**, Dkt. # 23.

## II.   BACKROUND

On January 15, 2019, David M. Vines ("Plaintiff") filed a complaint for malicious

ORDER – 1

prosecution in King County Superior Court against the City of Black Diamond, its police department, prosecutor, and two police officers, Jamey Kiblinger and Ryan Keller. Dkt. # 19 at 6. Plaintiff alleged that, on December 21, 2018, he had been "illegally, willfully and falsely arrested for an alleged assault . . .and incarcerated into the Enumclaw City jail for 16 hours without material or exculpable evidence of a crime." *Id.* On May 13, 2019, Plaintiff filed a voluntary withdrawal notice indicating that he wished to dismiss the matter. *Id.* at 16. On June 18, 2019, King County Superior Court entered an order of dismissal without prejudice pursuant to Washington State Superior Court Civil Rule 41. *Id.*

On July 22, 2019, Plaintiff filed a complaint in King County Superior Court against the City of Black Diamond and Officers Kiblinger and Keller. *Id.* at 18. Plaintiff's complaint again focused on his December 21, 2018 arrest and reiterated his allegation that he "was illegally, willfully and falsely arrested . . . for an alleged assault, and was incarcerated into the Enumclaw City jail for 16 hours without material or exculpable evidence of a crime." *Id.* at 18. He alleged claims of police misconduct and entrapment, illegal arrest, malicious prosecution, false imprisonment, and violation of civil rights. *Id.* On January 8, 2020, Plaintiff again filed a withdrawal notice requesting that the court dismiss all parties and claims. *Id*. at 28.

On February 21, 2020, King County Superior Court dismissed Plaintiff's complaint with prejudice. *Id.* at 30. The court found that because Plaintiff's causes of action were "identical to the causes of action contained in the original Complaint" Plaintiff's withdrawal was "the second voluntary non-suit pursuant to CR 41." *Id.* Consequently, the court concluded that Plaintiff's withdrawal "acts [as] an adjudication on the merits of all of the causes of action asserted against the City of Black Diamond Defendants in [that] case." *Id.*

Just a month earlier, Plaintiff had filed a third complaint alleging the same facts and claims against the City of Black Diamond, Kiblinger, Keller, and two additional

ORDER – 2

police officers, Michael Henrich and Brian Lynch. *Id.* at 32. The defendants filed a motion for summary judgment dismissal. *Id.* at 43. On July 24, 2020, the court granted the motion based on Civil Rule 41(a)(4), under which "an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state." *Id.* at 44. The court concluded that "[b]ecause Mr. Vines twice asked for voluntary dismissal of lawsuits he filed that were based on the same claims he makes in this action, this action must be dismissed." *Id.* Plaintiff's third complaint was thereby dismissed with prejudice.

On December 7, 2020, Plaintiff filed a complaint against the City of Black Diamond and Officers Kiblinger, Keller, Henrich, and Lynch ("Defendants")—the same defendants named in his third complaint in King County Superior Court—in this Court. Dkt. # 1. Plaintiff's allegations again focused on the December 21, 2018 incident in which he claims he was wrongly arrested and incarcerated in violation of his constitutional rights. Dkt. # 1-1. Defendants now move for summary judgment dismissing the complaint with prejudice based on res judicata. Dkt. # 18 at 7.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the

ORDER – 3

opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## IV.  DISCUSSION

In the pending motion, Defendants assert that they are entitled to summary judgment because Plaintiff's claims are barred by res judicata. Dkt. # 18 at 7. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003) (holding that "[a] federal court must give to a state court judgment the same preclusive effect as would the courts of the state in which it was rendered"). Under Washington law, the doctrine of res judicata, or claim preclusion, "prohibits the relitigation of claims and issues that were litigated or *could have been litigated* in a prior action." *Eugster v. Washington State Bar Ass'n*, 397 P.3d 131, 145 (Wash. Ct. App. 2017) (emphasis added); *see also Williams v. Leone & Keeble, Inc.*, 254 P.3d 818, 820 (Wash. 2011).

Claim preclusion applies where the subsequent claim involves (1) the same subject matter, (2) the same cause of action, (3) the same persons and parties, and (4) the same quality of persons for or against whom the claim is made. *Afoa v. Port of Seattle*, 421 P.3d 903, 914 (Wash. 2018); 254 P.3d at 820. Washington courts do not require identical causes of actions to satisfy the second factor. *Eugster v. Washington State Bar Ass'n*, 397 P.3d 131, 146 (Wash. 2017). Instead, Washington courts consider four factors to determine whether two causes of action are the same: "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of

ORDER – 4

the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Ensley v. Pitcher*, 222 P.3d 99, 104 (Wash. Ct. App. 2009).

Here, Defendants point to Plaintiff's state court complaints and the state court's three orders dismissing all of his claims, twice with prejudice, as evidence that res judicata precludes judgment by this Court. Dkt. # 22 at 3. Plaintiff fails to rebut this argument or demonstrate a genuine dispute of material fact on this issue. *See* Dkt. # 25. The Court finds that, in his complaint before this Court, Plaintiff asserts the same claims that he raised, or could have raised, in his state court complaints surrounding the same subject matter—his December 21, 2018 arrest—and against the same defendants in the same position as in the state court cases. This action is therefore barred from consideration by res judicata. The Court finds that Defendants are entitled to summary judgment.

The Court also finds that Plaintiff's filing of four lawsuits against the City of Black Diamond asserting identical causes of action and continuing to file even after such causes of actions had been dismissed with prejudice constitutes harassment and is a violation of FRCP 11(b). The Court therefore GRANTS Defendants' motion for sanctions pursuant to FRCP 11(c)(2) in the form of attorney's fees. The Court deems sanctions to be an adequate deterrent and declines to impose a vexatious litigant pre-filing order at this time but may choose to do so if Plaintiff continues to file frivolous, harassing, or duplicative lawsuits. *See* Fed. R. Civ. P. 11(c)(4); *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1065 (9th Cir. 2014) (holding that "Rule 11 requires that '[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct'").

## V. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion for

ORDER – 5

Summary Judgment, Dkt. # 18, and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Sanctions, Dkt. # 23.  The Court **GRANTS** Defendants' request for attorney's fees to be paid by Plaintiff for 11.5 hours at a rate of $225.00 per hour for a total of $2,587.50.  *Id.*  The Court **DENIES** Defendants' request to impose a vexatious litigant pre-filing order.  *Id.*

DATED this 21st of May, 2021.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

ORDER – 6